**Pastor VEGA–RAYO, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–72812

United States Court of Appeals, Ninth Circuit.

Submitted July 26, 2016 *

FILED August 1, 2016

Lorena Marquez, Esquire, Attorney, Law Office of Lorena Dorantes, Santa Ana, CA, for Petitioner

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Anna E. Juarez, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Respondent

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Respondent's request to lift the stay of proceedings (Docket Entry No. 25) is granted.

Pastor Vega–Rayo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider and reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion. *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Vega–Rayo's motion to reconsider because Vega–Rayo failed to identify any error of law or fact in the BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA did not abuse its discretion in denying Vega–Rayo's motion to reopen because it was untimely and number-barred, *see* 8 C.F.R. § 1003.2(c)(2), and Vega–Rayo failed to demonstrate he qualified for an exception to the time and number limits for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (the BIA may deny a motion to reopen based on changed circumstances for failure to establish "prima facie eligibility for the relief sought"). We lack jurisdiction to consider Vega–Rayo's contentions as to membership in a particular social because he did not raise

them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (petitioner must exhaust claims in administrative proceedings below).

Finally, we lack jurisdiction to review the BIA's refusal to reopen proceedings sua sponte. *See Mejia–Hernandez v. Holder*, 633 F.3d 818, 823–24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, 828 F.3d 1052 (9th Cir. 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).